UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GEORGE J. ACKEL, III

VERSUS

SID J. GAUTREAUX, SHERIFF
OF EAST BATON ROUGE PARISH

CIVIL ACTION

NO. 10-803-BAJ-SCR

**RULING**

This matter is before the court on a motion by defendant, Sid J. Gautreaux, Sheriff of East Baton Rouge Parish, to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(3), 12(b)(5) and 12(b)(6) (doc. 7). Plaintiff has filed an opposition to the motion (doc. 10). Jurisdiction is alleged under 28 U.S.C. §1331.

**BACKGROUND**

Plaintiff initiated this Section 1983 action on April 13, 2010, in the United States District Court for the Eastern District of Louisiana, naming as a defendant, Sid J. Gautreaux, the Sheriff of East Baton Rouge Parish.[1] According to the complaint, plaintiff, on or about September 4, 2008, ordered building material from "Parish Home Center" for his construction company to use on a job site in Baton Rouge, Louisiana, in the wake of Hurricane Katrina. Plaintiff alleges that the

---

[1]Though the complaint does not specify whether defendant is named in his official or individual capacity, plaintiff seeks monetary damages which are available only if defendant is sued in his individual capacity.

materials were not as ordered and disappeared from the site after being delivered. (Complaint).

According to the complaint, the materials had been ordered with a credit card, and when plaintiff disputed the charge, the credit card company refused to pay Parish Home Center. Parish Home Center then "filled out an affidavit that was the basis for the warrant issued in this matter in plaintiff's arrest." Plaintiff alleges that, on April 16, 2009, he was approached by members of the New Orleans Police Department and a deputy from the Louisiana State Attorney General's office and arrested pursuant to a "negligent warrant." He was then transferred to East Baton Rouge and released on bond. The charges were subsequently dropped. (Complaint).

Plaintiff alleges that, because of his unlawful arrest and imprisonment, his reputation was damaged and he was unable to work, and he claims damages "estimated to be $4,000,000.00." Plaintiff alleges that defendant acted knowingly, intentionally, and maliciously and deprived him of his rights under the Fourth, Sixth, Fourteenth Amendments of the United States Constitution. Plaintiff, therefore, seeks punitive damages as well as costs of this action. (Complaint).

## LAW AND ARGUMENT

Federal Rule of Civil Procedure 4 provides in pertinent part:

> If a defendant is not served within 120 days after the complaint is filed, the court- -on motion or on its own after notice to the plaintiff- -must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure the court must extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m).

The record demonstrates that this action was filed on April 13, 2010, but defendant was not served until October 11, 2010, well beyond the 120 day limit provided by Rule 4(m).  The Court further notes that plaintiff has not shown good cause for the failure to timely serve defendant.  Accordingly, dismissal is proper under Rule 4(m).

The Court further notes that, even if the Court were inclined to extend the deadline for service pursuant to Rule 4(m), the complaint fails to allege any personal actions on the part of defendant that caused the alleged deprivation of constitutional rights.  Plaintiff has had ample opportunity to oppose the motion and/or amend the complaint to name a proper party, or to allege facts which state a claim upon which relief can be granted.  Plaintiff, however, has not amended the complaint, and his entire opposition to the motion to dismiss for failure to state a claim upon which relief can be granted consists of two conclusory sentences:

3

> Thirdly, Plaintiff's complaint is clear and unambiguous and clearly states a claim for relief as the factual allegations in paragraphs 1 through 10 support plaintiff's claim.  Here again, defendants are wrong.

(Doc. 10, p. 2).

Because proof of an individual defendant's personal involvement in the alleged wrong is a prerequisite to his liability under § 1983, the complaint fails to state any claim under § 1983 upon which relief can be granted.  In determining whether a plaintiff has stated a claim sufficient to avoid dismissal under Rule 12(b)(6), the well-pleaded facts alleged in the complaint are accepted as true and the allegations are construed in the light most favorable to the plaintiff.  *Arias-Benn v. State Farm Fire & Casualty Insurance Co.*, 495 F.3d 228, 230 (5th Cir. 2007); *Milofsky v. American Airlines, Inc.*, 404 F.3d 341 (5th Cir. 2005), *cert. denied,* 543 U.S. 1022, 125 S.Ct. 672, 160 L.Ed.2d 498 (2004).  A complaint warrants dismissal if it "fail[s] *in toto* to render plaintiff's entitlement to relief plausible."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569, n. 14, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  See also, e.g., *Alton v. Texas A&M University*, 168 F.3d 196, 200 (5th Cir. 1999) (stating that "[p]roof of an individual defendant's personal involvement in the alleged wrong is, of course, a prerequisite to his liability on the claim for damages under § 1983," and "[s]upervisory officers, like the defendant officials, cannot be held liable under §1983 for the actions of subordinates, . . . on any theory of vicarious liability"); *Douhit v. Jones*, 541 F.2d 345, 346 (5th Cir. 1981) (en banc)

4

(stating that a plaintiff making a claim under Section 1983 must establish that the defendant supervisory official was personally involved in the acts causing the deprivation of his constitutional rights or that a causal connection exists between an act of the official and the alleged constitutional injury").

## CONCLUSION

For the foregoing reasons, the motion by defendant to dismiss is hereby **GRANTED** and **IT IS ORDERED** that this action is hereby **DISMISSED** without prejudice.

Baton Rouge, Louisiana, November 30 , 2010.


_____
BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

5